UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT SMITH, JR., ) | |
| ) | |
| Plaintiff, ) | CASE NO. C04-1483 JLR-MJB |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| HEIDI DAVIS et al, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

At the time of the incidents giving rise to this action, Plaintiff Robert Smith, Jr., was incarcerated in the Washington State Department of Corrections, (hereinafter, "DOC"). He brings this action under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by taking his personal property and subjecting him to a strip search. Plaintiff seeks compensatory and punitive damages.

Defendants filed a motion for summary judgement and Plaintiff has filed a response in opposition. Following a careful review of Defendants' summary judgment motion, Plaintiff's opposition thereto, and the balance of the record, this Court concludes that Defendants' motion for summary judgment should be granted.

REPORT AND RECOMMENDATION
PAGE - 1

## II.  FACTUAL BACKGROUND

A.  <u>Undisputed Facts</u>

Plaintiff was summoned to the Washington State Reformatory gym by a correctional officer concerning Plaintiff's jewelry, which consisted of a ring on his finger, and earrings.  Dkt. #44, Ex. #1; Dkt. #26.  Specifically, Sergeant Heidi Davis asked Plaintiff the source of his jewelry and learned that Plaintiff made the earrings in the penitentiary hobby shop.  *Id.*  Sgt. Davis confiscated both the ring and the earrings but returned the ring when Plaintiff showed her a receipt for it.  The earrings were thrown away.  *Id.*

Subsequently, Plaintiff became "upset," resulting in a pat down search and strip search at the direction of Lieutenant Mark Miller.  Dkt. #44, Ex. #2.  Under Plaintiff's clothing, officers found towels tied to his neck that went down his back and held within them two religious cards.  The cards were sent to the captain's office to determine if they should be returned or confiscated.  The cards were returned to Plaintiff.  *Id.*

B.  <u>Disputed Facts</u>

Plaintiff contends that Sgt. Davis' action toward him was motivated by the fact that Plaintiff had filed a lawsuit against one of her employees which was still pending in court.  Dkt. #26 at 4.  Plaintiff states that all the actions were done in retaliation against him and that he was humiliated by the pat down and strip searches.  Dkt. #26 at 5; Dkt. #52 at 2-4.  Defendants contend that Sgt. Davis' and Lt. Miller's actions were consistent with DOC and institution policies, that neither Sgt. Davis nor Lt. Miller was aware of litigation or grievances filed by Plaintiff, and that none of their actions were taken to harass or retaliate against Plaintiff.

//   //   //

REPORT AND RECOMMENDATION
PAGE - 2

### III. DISCUSSION

A. <u>Summary Judgement Standard</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court is required to draw all inferences in the light most favorable to the nonmoving party. *Id.* at 248. Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Id.* Material facts are those which might affect the outcome of the suit under governing law. *Id.*

Plaintiff claims that he suffered humiliation and personal property damages compensable under Title 42 U.S.C. § 1983. For Plaintiff's § 1983 claims to succeed, he must demonstrate that Defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statutes. *E.g., Ortez v. Washington County*, 88 F.3d 804, 810 (9th Cir. 1996).

B. <u>Loss of Property</u>

Plaintiff claims that he was denied due process of law when his religious ID cards were confiscated and he was denied a hearing on the matter. Defendants assert that Plaintiff's property claim fails as a matter of law because: 1) he was only permanently deprived of the earrings he made that he was not authorized to wear or possess; and 2) his ring and religious ID cards were returned to him shortly after being taken.

The negligent or intentional deprivation of a prisoner's property fails to state a

REPORT AND RECOMMENDATION
PAGE - 3

1  claim under 42 U.S.C. § 1983 if the state has an adequate post deprivation remedy.
2  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  A post deprivation tort remedy satisfies
3  due process considerations.  *Zinermon v. Burch*, 494 U.S. 113, 128-29 (1990).

4       Here, as correctly argued by Defendants, adequate post deprivation remedies
5  under state law were available to Plaintiff.  Under Washington law, Plaintiff could have
6  filed a personal property claim under RCW. 72.02.045 (state, state officials, employees,
7  or volunteers liable for loss of inmate property due to intentional act, gross negligence,
8  or negligence) and/or RCW 4.92.090 (state liable for damages arising out of its tortious
9  conduct).  Accordingly, there are no genuine issues of material fact that Petitioner's
10 allegations do not state a constitutional claim under 42 U.S.C. § 1983.

11      C.  <u>Strip Searches</u>.

12      Plaintiff makes a privacy claim under the Fourth Amendment asserting that his
13 strip search by Defendants was humiliating and compensable under §1983.  Dkt. #26.
14 Defendants assert that the Ninth Circuit has consistently permitted this aspect of prison
15 security and accorded great deference to prison officials, citing *Rickman v. Avaniti*, 8554
16 F.2d 327 (9th Cir. 1988).  The single strip search, undisputed here, did result in obtaining
17 items secreting underneath Plaintiff's clothing.  That fact, alone, justified further
18 searching consistent with prison policy.  DOC Policy 402.310.  Dkt. #44 Exhibit, #2.
19 Other than the Plaintiff's subjective response to the search, albeit invasive, nothing else
20 in the record supports an unreasonable search or violation of DOC policy.  This claim
21 likewise fails.

22      Defendants raise other potential claims not specifically identified by Plaintiff
23 which the Court will not address on the grounds that they are subsumed or included
24 within the Plaintiff's previous claims.  Dkt. #44 at 10-12.  Accordingly, there are no

25
26 REPORT AND RECOMMENDATION
   PAGE - 4

genuine issues of material facts in dispute and Defendants motion for summary judgement should be granted, thus disposing of all claims.

D.  Motion for Indefinite Continuance

Subsequent to filing their motion for summary judgement, Defendants filed a motion for indefinite continuance of time for filing the Joint Pretrial Statement pending resolution of the summary judgment motion. Dkt. #49. In light of the Court's recommendation that summary judgment should be granted in favor of Defendants, the motion for indefinite continuance is now moot and the undersigned recommends that it be denied.

## IV.  CONCLUSION

For the foregoing reasons, this Court recommends that Defendants' motion for summary judgment be granted. The Court further recommends that Defendant's motion of indefinite continuance be denied. A proposed order accompanies this Report and Recommendation.

DATED this 25th day of July, 2006.

*/s/ M. Benton*

MONICA J. BENTON
United States Magistrate Judge